SANFORD, *Appellant*, v. THE CITY OF KANSAS.

**Pay of Kansas City Police**: REMEDY BY MANDAMUS. A policeman appointed by the board of police commissioners of the City of Kansas, under the act of March 27th, 1874, establishing the board and authorizing the appointment of a police force, (Sess. Acts 1874, p. 327,) could not, without first obtaining from the board a warrant on the city treasury, maintain an action against the city for his services. If he could not get either his pay or a warrant for his pay, his remedy was by mandamus against the board.

*Error to Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

The plaintiff having been employed as a policeman by the board of police commissioners of the City of Kansas, and not having received his pay or a warrant on the city treasury for it, brought this suit against the city to recover the value of the services rendered.

*Milton Campbell* for appellant.

Plaintiff worked for and was paid by the city. The board, though empowered to fix his pay and make the payment to him, is not liable to suit. As to this the board acts merely as agent for the city. Nor is mandamus against the board his remedy. He has no right to demand a warrant, but only his money. He cannot settle his demand by mandamus. Both the length of time and the wages per month are in dispute. *Williams v. Cooper Co. Ct. Com. Pleas*, 27 Mo. 225; *Dunklin Co. v. Dunklin Co. Ct.*, 23 Mo. 449; *State v. Howard Co. Ct.*, 39 Mo. 375; *State v. Lafayette Co.*, 41 Mo. 38; *State v. McAuliffe*, 48 Mo. 112.

*Wash Adams* for respondent, cited *Taylor v. School Committee*, 5 Jones Law (N. C.) 98; *Boone County v. Todd*, 3 Mo. 140; *People ex rel. Hall v. Supervisors*, 32 N. Y. 473; *Baker v. Johnson*, 41 Me. 15; *Commonwealth v. Johnson*, 2 Binney, (Pa.) 279; *The People v. Supervisors*, 10 Wend. 363.

SHERWOOD, C. J.—To the board of police commissioners belonged the exclusive control of all matters pertaining to the employment, pay and regulation of the police force of the city. *Flanagan v. The City of Kansas*, ante, p. 462.

The 14th section of the act of 1874, page 332, provides two modes whereby the members of the police force are to be paid; first, the board is to make requisition upon the disbursing officer of the city for the requisite sum; second, in case the common council fail to make the requisite appropriation, or the disbursing officer fail to pay, then it becomes the duty of the board to issue warrants in the name of the city for the requisite amounts. As the law organizing the police board has confided to their special care the matters pertaining to the pay of the policemen, and. specified a particular way for them to be paid, we incline to the opinion that the method thus pointed out should be pursued; and this view we think sustained as well by reason as the evident spirit, purpose and policy of the law in question; for the latter clause of the section just quoted prohibits, in unmistakable terms,. the mayor and common council to appropriate and disburse money for the payment of the police. force, except as they are in that section authorized. We do not think it was the design of the Legislature, after making such explicit provisions for the employment and payment of the police force, that those provisions should be wholly disregarded, and the city subjected to the annoyance and cost of suits as numerous as the policemen who choose to bring them. We, therefore, affirm the judgment, regarding mandamus against the board of police commissioners as plaintiff's appropriate remedy, since it is the duty of the board, both to fix the amount and to draw a requisition for the pay of plaintiff. Judgment affirmed. All concur.

AFFIRMED.